UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **EMINENT COMMERCIAL, LLC,** *Plaintiff* § § § | |
| **v.** § § | No. A-20-CV-00680-DAE |
| **DIGITALIGHT SYSTEMS, INC.,** *Defendant* § § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE DAVID A. EZRA
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Eminent Commercial's Motion for Default Judgment, Dkt. 33; and Eminent's Motion to Compel Discovery and For Sanctions, Dkt. 29. After reviewing the filings, and the relevant case law the undersigned issues the following (1) report and recommendation on Eminent's Motion for Default Judgment and (2) order on Eminent's Motion to Compel.

### I.   BACKGROUND

In April 2020, Eminent bought one million KN-95 masks at $3.00 per unit from Digitalight via a purchase order for a total purchase price of $3,000,000. Dkt. 33-1, at 1. Eminent intended to resell these masks to the State of Texas pursuant to a purchase order it had obtained. *Id.* When Digitalight attempted delivery of the order in early May 2020, 300,000 of those masks were non-conforming. *Id.* Eminent noticed Digitalight that it would not accept the non-conforming masks and offered Digitalight the opportunity to cure. *Id.* After Digitalight's multiple failures to cure, Eminent

1

canceled the purchase order and demanded a refund of $900,000, the portion of the purchase price for the 300,000 non-conforming masks. *Id.* Eminent claims that it would have enjoyed a $300,000 profit if it could have sold the 300,000 masks to the State. *Id.*

When Digitalight refused to refund the money, Eminent sued Digitalight in state court for breach of contract, fraud, negligent misrepresentation, and violations of the Deceptive Trade Practices Act. Dkt. 1-1, at 2. Digitalight answered, Dkt. 1-1, at 12, and then removed the case to federal court, Dkt. 1. Digitalight supplemented its answer asserting affirmative defenses, Dkt. 10, and Eminent subsequently amended its complaint in response, Dkt. 11. Eminent's amended complaint is the live pleading in this proceeding. *Id.*

The Court entered a scheduling order, Dkt. 9, and discovery ensued. Then, in July 2021, Digitalight's counsel withdrew from representation due to non-payment of fees. Dkt. 26. In the order granting the withdrawal, the Court ordered Digitalight to notify the Court of who it hired to serve as its replacement counsel within 30 days of entry of the order. *Id.* at 5. The order specifically warned that "[b]ecause [Digitalight] cannot proceed in this case without counsel, [Digitalight] faces the risk of having its pleadings stricken and a default judgment entered against it if it does not retain new counsel." *Id.* Despite this directive, Digitalight did not comply with the order, and Eminent moved to strike Digitalight's pleadings. Dkt. 28. Digitalight also refused to participate in discovery, leading Eminent to file a motion to compel. Dkt. 29. To date, Digitalight still has not retained new counsel and has not responded to Eminent's

motion to strike or motion to compel. Accordingly, the Court ordered Eminent to move for entry of default and default judgment. Dkt. 30.

## II.     STANDARD OF REVIEW

Fed. R. Civ. P. 55 authorizes a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ...." Fed. R. Civ. P. 55(a); *see also N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules."). "Under Fifth Circuit law, there are three steps to obtaining a default judgment: first, default by the defendant; second, clerk's entry of default; and third, entry of a default judgment." *Gray v. MYRM Holdings, L.L.C.*, No. A-11-CV-180, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012). A default judgment issued by a court pursuant to Fed. R. Civ. P. 55(b)(2) after the court clerk's entry of default, while not favored, is within the trial court's sound discretion. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); *Mid-Gulf Shipping Co. Inc. v. Energy Subsea LLC*, 472 F. Supp. 3d 318, 323 (E.D. La. 2020) (stating "[n]o party is entitled to a default judgment as a matter of right ... [and] the entry of default judgment is committed to the discretion of the district judge").

The first two steps have been satisfied here. The evidence supports that in July 2021, the Court gave Digitalight 30 days to retain counsel, Dkt. 26, and that, to date, Digitalight has still not done so and has not responded to any of Eminent's pleadings or discovery requests since its counsel withdrew, Dkts. 28, 29. The record also demonstrates that Eminent applied for and the Clerk of Court entered the Clerk's

Entry of Default. Dkt. 35. Thus, the only remaining issue is whether a default judgment should be entered. In making this determination, district courts in the Fifth Circuit utilize a three-step analysis: (1) whether default judgment is procedurally proper, based upon six factors identified in identified in *Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998); (2) if procedurally proper, "whether the plaintiffs' claims are substantively meritorious"; and (3) if substantively meritorious, whether the requested relief is appropriate. *CFTC v. Ramirez*, No. 4:19-CV-140, 2019 WL 4198857, at *7 (S.D. Tex. July 17, 2021) (quoting *Travelers Cas. and Sur. Co. of Am. v. HighMark Constr. Co., LLC*, No. 7:16-CV-00255, 2018 WL 4334016, at *2 (S.D. Tex. May 5, 2018)). The Court finds that entry of default judgment is proper in this case.

### III.   DISCUSSION

#### A.   Procedurally Warranted

Courts consider numerous factors in deciding whether to grant a motion for default judgment. The factors identified in *Lindsey* include: (1) issues of material fact; (2) existence of substantial prejudice; (3) clarity of grounds for default; (4) default caused by good faith mistake or excusable neglect; (5) harshness; and (6) whether the court would think itself obliged to set aside the default on defendant's motion. *See Lindsey*, 161 F.3d at 893. Applying these factors, the undersigned finds that default judgment is procedurally warranted in this case.

First, given the uncontested nature of the allegations in Eminent's Amended Complaint and the lack of any response to the evidence attached to Eminent's Motion for Default Judgment, the undersigned cannot identify any material issues of fact to

resolve in this case. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact").

Second, although the default appears to be technical in nature, Eminent is prejudiced and harmed by the continued delay in this case, which is the second factor. *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt).

As for the third, fourth, and fifth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts given that Digitalight received ample notice of Eminent's claim and Eminent's request for a default judgment; and Digitalight has nonetheless abandoned its defense. *See Lindsey*, 161 F.3d at 893; *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (finding defendants' failure to respond "mitigat[es] the harshness of a default judgment"). And there is no evidence here to indicate that Digialight's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893.

Finally, for these same reasons, the undersigned is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Digitalight. Default judgment is therefore procedurally warranted.

B.     **Sufficient Factual Basis**

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id.* at 498. Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Id.* at 498 n.3.

Eminent brings claims against Digitalight for breach of contract, fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act ("DTPA").[1] Dkt. 11, at 5-8. In its Amended Complaint, Eminent sets out the facts

---

[1] It is unclear from Eminent's motion for default judgment whether it seeks default on its fraud or negligent misrepresentation claims. The motion's "Prayer" section merely asks that

6

establishing each of these causes of action. As for its breach-of-contract claim, Eminent alleges that the parties had an enforceable contract; Digitalight breached that contract by failing to deliver one million conforming masks; the breach was material; the breach injured Eminent; and Eminent suffered damages as a result. *Id.* at 5. As for its fraud claim, Eminent alleges that Digitalight made misrepresentations of material fact; Digitalight knew the representations were false and intended for Eminent to rely on them; Eminent justifiably relied on the false statements and suffered damages as a result; and that Eminent's injury resulted from Digitalight's actual fraud, gross negligence, or malice. *Id.* at 5-7. Eminent similarly alleges with respect to its negligent misrepresentation claim that Digitalight misrepresented the nature of its products in the course of its business; Digitalight did not exercise reasonable care in obtaining or communicating the information; Eminent justifiably relied on Digitalight's misrepresentation; Digitalight's misrepresentation injured Eminent, resulting in damages; and this injury resulted from Digitalight's actual gross negligence. *Id.* at 7. Finally, Eminent's DTPA claim alleges that Eminent is a business consumer; Digitalight is amenable to suit under the Act; Digitalight's knowing misrepresentations and nondisclosures violated the Act; Eminent gave Digitalight the notice and opportunity to respond as required by the Act; Digitalight

---

the motion be granted and sets out the damages, fees, and costs sought. Dkt. 33, at 5. The motion does not appear to direct any argument at the elements of Eminent's fraud or negligent misrepresentation claims. Nonetheless, the Court concludes that Eminent's Amended Complaint sets out sufficient uncontested factual allegations to support default judgment on both of these claims.

7

acted knowingly and intentionally; and Eminent suffered injury and damages as a result. *Id.* at 8.

These uncontested allegations are further supported by the affidavit and evidence attached to Eminent's motion for default judgment. Dkt. 33-1. In the absence of any evidence to the contrary, the undersigned finds that Eminent's claims are substantively meritorious.

### C. Appropriateness of Relief

Eminent's motion does not parse the relief it seeks between the causes of action stated in its Amended Complaint. Instead, Eminent leaves it to the Court to determine which damages correspond to which claim. Eminent's prayer for relief asks the Court to "enter a judgment against [Digitalight] in the amount of $3,948,633.51 and for post-judgment interest of 18% of the judgment amount pursuant to Tex. Fin. Code § 304.002." Dkt. 33, at 5. The prayer in Eminent's Amended Complaint seeks:

    a.    Actual damages in the amount of $900,000;

    b.    Benefit of the bargain damages in the amount of $300,000;

    c.    Treble damages in the amount of $2,700,000;

    d.    Exemplary damages;

    e.    Prejudgment and post judgment interest;

    f.    Court costs;

    g.    Attorneys' fees; and,

    h.    All other and further relief, general and special, to which Eminent may be entitled in law or equity.

Dkt. 11, at 9. For its DTPA claim, Eminent is entitled to $900,000.00 in its out-of-pocket economic damages. *See*, *e.g.*, *W.O. Bankston Nissan, Inc. v. Walters*, 754 S.W.2d 127, 128 (Tex. 1988) ("The DTPA permits a plaintiff to recover either the 'out of pocket' or the 'benefit of the bargain' damages, whichever is greater."). Eminent is also entitled to $2,700,000.00 in additional damages for its DTPA claim, based on Digitalight's knowing and intentional conduct. *See* Tex. Bus. & Com. Code § 17.50(b)(1). For its breach-of-contract claim, Eminent seeks $300,000.00 for its loss of the benefit of its bargain with Digitalight. *See, e.g.*, *City of The Colony v. N. Texas Mun. Water Dist.*, 272 S.W.3d 699, 739 (Tex. App.—Fort Worth 2008, pet. denied) ("The normal measure of damages in a breach of contract case is the benefit of the bargain."). But the DTPA statute makes clear that "no recovery shall be permitted under both this subchapter and another law of both damages and penalties for the same act or practice." Tex. Bus. & Com. Code § 17.43. The undersigned therefore concludes that Eminent is not entitled to additional damages for its breach-of-contract claim, which arises out of the same operative facts as its DTPA claim. *See, e.g.*, *Bus. Staffing, Inc. v. Viesca*, 394 S.W.3d 733, 748 (Tex. App.—San Antonio 2012, no pet.) (reversing trial court judgment awarding plaintiff both benefit-of-the-bargain and out-of-pocket damages for breach of contract and DTPA claims).

Aside from its claim for exemplary damages, Eminent does not seek additional damages for its fraud or negligent-misrepresentation claims, and the undersigned concludes that Eminent is not entitled to additional exemplary damages beyond the trebled damages it is entitled to under the DTPA (nor does Eminent suggest anything

9

more). Eminent does seek its attorneys' fees under the DTPA and under Chapter 38 of the Texas Civil Practice and Remedies Code for its breach-of-contract claim. Tex. Bus. & Comm. Code § 17.50(d) (DTPA); Tex. Civ. Prac. & Rem. Code § 38.001(b)(8) (breach of contract). The undersigned finds that Eminent is entitled to its $45,300.00 in attorneys' fees under either statute. And Eminent is entitled to its costs in the amount of $3,333.51 under the DTPA. Tex. Bus. & Comm. Code § 17.50(d)

## IV.   RECOMMENDATION AND ORDER

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court grant Eminent's motion for default judgment, Dkt. 33, and enter a judgment awarding Eminent $900,000.00 in economic damages on its DTPA claim; exemplary damages under the DTPA in the amount of $2,700,000.00; attorneys' fees in the amount of $45,300.00; and costs in the amount of $3,333.51. The undersigned also **DENIES** Eminent's Motion to Compel, Dkt. 29, as moot.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review

by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED December 20, 2021.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE